AO 106 (Rev. 04/10) Application for a Search Warrant

UN **Sealed** 8/1/19
Public and unofficial staff access
to this instrument are
prohibited by court order

United States District Court
Southern District of Texas
**FILED**

FEB 1 3 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

iPhone 6S Plus, phone # ████-8999, and
iPhone X, phone # ████-1364

)
)
)
)
)

Case No. B-19-MJ-231

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A and Attachment B

located in the _____ Southern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A and Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 201 | Bribery of a Public Officer |

The application is based on these facts:
See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jose Aguirre, Senior Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Feb 13, 2019

_____
*Judge's signature*

City and state: Brownsville, Texas

Ronald G. Morgan, U.S. District Judge
*Printed name and title*

## ATTACHMENT A

The property to be seized and searched consists of two (2) cellular phones located at the Cameron County Sheriff's Office,7300 Old Alice Rd., Olmito, TX 78575.

**Target Device 1:** a grey iPhone S Model: A1688, FCC ID: BCG-E2946A IC: 579C-E2946A, phone # ███████-8999, phone has black tape on top part covering camera lens.



**Target Device 1**

**Target Device 2:** a grey iPhone, phone # ███████-1364, phone has black plastic case with letters UaG on back side of case.



**Target Device 2**

## **ATTACHMENT B**

### **Items to be Seized and Searched**

a grey iPhone 6S plus Model:  A1688, FCC ID: BCG-E2946A IC: 579C-E2946A, phone # ███ ███-8999, phone has black tape on top part covering camera lenses. (**Target Device 1**), and a grey iPhoneX, phone # ███-1364, phone has black plastic case with letters UaG on back side of case. (**Target Device 2**), and any attached or removable data storage devices located in/with "**Target Device 1 and Target Device 2**", (e.g. "chips" "SIM cards", flash memory cards), for information and data that relates to violations of 18 United States Code (USC) 201, Bribery of a Public Officer, including but not limited to:

1. The phone numbers and/or direct connect and/or names and identities, including electronic mail addresses, usernames and passwords assigned to the device;

2. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities, including electronic mail addresses, usernames and passwords stored in the device and in any other electronic media attached to or found with the devices, including but not limited to, "chips," SIM cards and flash memory cards;

3. Phone numbers, direct connect numbers, electronic mail addresses. Internet Protocol addresses, and other accounts dialed or accessed using the device or otherwise communicating with or accessing the devices;

4. Voice messages, photographs, text messages, electronic mail messages, application "app" based messages and any other documents or information stored in the device's memory and/or the data storage hardware such as "chips", including but not limited to:

   a. any communications to and from phone number ███-8525, a designated undercover phone number created by OPR Harlingen Senior Special Agents.

   b. Any communications to and from phone number ███-2072, a designated undercover phone number created by OPR Harlingen Senior Special Agents.

   c. any information related to rosters of detainees in Immigration and Customs Enforcement (ICE) detention.

d.  any information related to money payments related to violations of 18 United States Code (USC) 201, Bribery of a Public Officer;

5.  Evidence of user attribution showing who used or owned **"Target Device 1"**, and **"Target Device 2"**, at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

6.  Internet searches (search history), web browsing and downloads from the internet;

7.  GPS, geographic location data, and mapping data;

8.  Any deleted data for items listed in 1-7.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Jose M. Aguirre, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules

of Criminal Procedure for the Seizure and Search of a grey iPhone 6S plus Model: A1688, FCC

ID: BCG-E2946A IC: 579C-E2946A, phone # ████████-8999, phone has black tape on top part

covering camera lenses. (**Target Device 1**), and a grey iPhoneX, phone #████████-1364, phone

has black plastic case with letters UaG on back side of case. (**Target Device 2**), **"Target Device**

**1", and "Target Device 2"** were found in the possession of Roel ALANIS in Cameron County,

TX.  **"Target Device 1", and "Target Device 2"** are currently in the possession of the Cameron

County Sheriffs Office, 7300 Old Alice Rd, Olmito, TX 78575.

2.      I am a Senior Special Agent (SSA) with U.S. Immigration and Customs

Enforcement (ICE), Office of Professional Responsibility in Harlingen, Texas (OPR Harlingen).

As SSA, I am responsible for conducting investigations pertaining to administrative and criminal

misconduct by employees working for ICE and for other components of the Department of

Homeland Security (DHS).  I am also responsible for conducting investigations involving bribery

of federal and public officials, and bribery of officials acting on behalf of the United States

Government.   Prior to ICE OPR, I worked as a Special Agent with Homeland Security

Investigations (HSI), where I was responsible for conducting investigations into criminal

1

violations of United States Federal Statutes.  Prior to HSI, I worked as a United States Border Patrol (USBP) Agent.  My combined tenure as a Federal Law Enforcement Agent spans more than eleven years.  My training for USBP Agent and HSI Special Agent included training in investigation and enforcement of Federal Immigration and Criminal Statutes.

3.      Based upon my training, experience, and participation in immigration, drug, gang and firearm investigations, I know:

## PROBABLE CAUSE

4.      The following paragraphs are furnished to establish probable cause in support of this warrant:

(a)      On January 10, 2019, Special Agents assigned to the Immigration and Customs Enforcement (ICE) Office of Professional Responsibility in Harlingen, Texas, identified a Contract Security Officer (CSO) at an ICE contracted detention center in Raymondville, Texas, who was engaged in selling law enforcement sensitive detainee rosters to Roel ALANIS, a private immigration attorney.

(b)      In an interview with Special Agents, the CSO stated ALANIS would utilize the information on the detainee rosters to gain visitation access to ICE detainees to secure them as clients for the Alanis Law Firm, a law office owned and operated by ALANIS.  The CSO stated that on or about July 2018, ALANIS offered to pay him money in exchange for detainee rosters. CSO stated that since July 2018, through his employment, acting alone and with the help of others, he had sold approximately twenty detainee rosters

2

to ALANIS and stated he received monetary payment from ALANIS on each occasion.

(c)    Between January 10th and January 14th, 2019, with consent to cooperate and under the direction of Special Agents, the CSO communicated with ALANIS via text messaging regarding a detainee roster containing information of detainees housed at the Port Isabel Detention Center in Los Fresnos, Texas. The text messages were monitored by SSAs. ALANIS utilized phone number ██████-1364 in the communications. ALANIS stated in text messages that he was interested in obtaining the detainee roster and stated he would pay the CSO $1000 in exchange for the roster.

(d)    On January 14, 2019, the CSO continued to communicate with ALANIS (██████-1364) via text messaging. ALANIS instructed the CSO to meet in Weslaco, Texas, to conduct the exchange. Under the direction of Special Agents, the CSO met in person with ALANIS at his residence in Weslaco. This meeting was monitored and recorded by Special Agents. During the meeting, ALANIS took possession of a Port Isabel Detention Center detainee roster and paid the CSO $1,000.

(e)    On January 22, 2019, acting under the direction of Special Agents, the CSO communicated once again with ALANIS (██████-1364) via text messaging regarding a roster containing information of detainees housed at El Valle Detention Center in Raymondville, Texas. ALANIS stated in text messages he was interested in obtaining the detainee roster and stated he would provide a monetary payment to the CSO in exchange for the roster.

(f)     On February 6, 2019, an OPR Harlingen undercover agent (UCA) communicated with ALANIS via text messaging regarding detainee rosters. ALANIS' text messages originated from phone number ███-8999. ALANIS offered to pay $600 in exchange for a new detainee roster. ALANIS instructed the UCA to deliver the roster to a storage shed in the Home Depot parking lot in Harlingen, TX and stated the payment would be there. The UCA delivered a partial detainee roster to the shed and seized $600 that was found inside the shed. SSAs later observed an individual in a black truck pick up the roster. ALANIS utilizing ███-8999 later acknowledged having received the roster that was left in the shed by the UCA

(g)     On February 13, 2019, a Cameron County Sheriff's Office (CCSO) deputy conducted a traffic stop on ALANIS for a traffic infraction. The traffic stop occurred on Farm Road 510, near San Benito, Texas in Cameron County. A warrant check conducted by the CCSO deputy showed an active warrant of arrest for ALANIS out of Lakeway Police Department, Lakeway, TX. ALANIS was placed under arrest and transported to CCSO for processing on the active warrant.

(h)     While ALANIS was detained by CCSO, OPR Harlingen SSA Jose M. Aguirre dialed phone number ███-8999. SSA Aguirre listening from outside the vehicle, through the open windows of ALANIS' vehicle heard a phone ring from inside the vehicle. One minute later, SSA Aguirre once

4

again dialed phone number ███████-8999 and immediately heard a phone ring inside the vehicle.

(i)     ALANIS was transported to CCSO station. ALANIS' vehicle was also transported to CCSO station. At the CCSO station, CCSO deputies conducted an inventory to account for ALANIS' personal property. During the inventory, CCSO deputies located ALANIS' wallet and two cell phones inside the vehicle.

(j)     With the two cell phones in view, SSAs dialed phone number ███████-8999, and immediately saw and heard the cell phone identified as **Target Device 1** ring. SSAs then dialed phone number ███████-1364 and immediately saw and heard the cell phone identified as **Target Device 2** ring.

5.     Based on my training, experience, and research, I know that **"Target Device 1"**, and **"Target Device 2"** have the capability to allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC DEVICES AND STORAGE

6.     This application seeks permission to seize **Target Device 1 and 2** and to search and seize things that **"Target Device 1"**, and **"Target Device 2"** might contain in relation to violations of 18 USC 201, in whatever form they are stored. Based on my knowledge, training, and experience, I know that **"Target Device 1"**, and **"Target Device 2"** can store information for long periods of time. Even when a user deletes information from **"Target Device 1"**, and **"Target**

**Device 2"**, it can sometimes be recovered with forensics tools.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the **"Target Device 1"**, and **"Target Device 2"**.  This information can sometimes be recovered with forensics tools.

7.     Searching for the evidence described in Attachment B may require a range of data analysis techniques.  In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence.  In other cases, however, such techniques may not yield the evidence described in the warrant.  Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information.  These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment A or perusing all stored information briefly to determine whether it falls within the scope of the warrant.  Considering these difficulties, Homeland Security Investigations intends to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

## **METHODOLOGY**

Following the issuance of this warrant, I will collect and deliver **"Target Device 1"**, and **"Target Device 2"** to wireless telephone forensic examiners.  These examiners will attempt to power **"Target Device 1"**, and **"Target Device 2"**, identify whether it is protected by a personal identification number (PIN), determine or circumvent the PIN and retrieve data from the device.  Unlike typical computers, many wireless telephones do not have hard drives or hard drive

equivalents and store information in volatile memory within **"Target Device 1"**, and **"Target Device 2"** or in memory cards inserted into **"Target Device 1"**, and **"Target Device 2"**. Current technology provides some solutions for acquiring some of the data stored in some wireless telephone models using forensic hardware and software. The forensic examiner will determine whether any data associated with **"Target Device 1"**, and **"Target Device 2"** may be so acquired and, if so, such data will be acquired forensically, and the follow-on examination will be conducted using the forensic copy. Even if some of the stored information on **"Target Device 1"**, and **"Target Device 2"** may be acquired forensically, not all of the data subject to seizure may be so acquired. If **"Target Device 1"**, and **"Target Device 2"** is not subject to forensic data acquisition or that has potentially relevant data stored that is not subject to such acquisition, the examiner must examine **"Target Device 1"**, and **"Target Device 2"** manually and record the process and the results using digital photography. This process is time and labor intensive and, depending upon the workload of the few wireless telephone forensic examiners available, may take weeks or longer.

## MANNER OF EXECUTION

8. Because this warrant seeks only permission to seize and examine **"Target Device 1"**, and **"Target Device 2"** already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

7

## CONCLUSION

9.      I submit that this affidavit supports probable cause for a warrant to seize and

search **"Target Device 1"**, and **"Target Device 2"** and seize the items described in Attachment

B.

Respectfully submitted,

Jose M. Aguirre
Senior Special Agent
ICE Office of Professional Responsibility

Subscribed and sworn to before me
on _Feb 13, 2019_          :

Ronald G. Morgan
UNITED STATES MAGISTRATE JUDGE

8